UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-00085-TBR

RONALD L. JONES,                                                    PLAINTIFF

v.

WESTLAKE MANAGEMENT SERVICES, INC                                   DEFENDANTS

## MEMORANDUM OPINION AN ORDER

This matter is before the Court upon a motion by Defendant, Westlake Management Services, Inc. ("Westlake Management"), to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to all claims of Plaintiff Ronald L. Jones ("Jones"). [DN 5]. Plaintiff has responded, [DN 7], and Defendant has filed a reply. [DN 8]. Fully briefed, Defendants' motion is ripe for review, and for the following reasons, it is **DENIED**.

## I. BACKGROUND

The factual allegations as set out in the Complaint, [DN 1], and taken as true are as follows.[1] Westlake Management hired Jones as a Safety Engineer in March 2000. [DN 1 at 2]. During the course of Jones's employment, he also became Westlake Management's fire chief and emergency response coordinator at the company's Calvert City facility. *Id.* at 3. Jones was a competent employee, and in fact the only issues raised about Jones's performance occurred after he made

---

[1] *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.")

complaints about two instances of supervisor misbehavior to Westlake Management's local human resources representative. *Id.*

First, Jones informed the local human resources representative about inappropriate comments made by his supervisor in 2014. *Id.* After reporting the inappropriate comments to human resources, Jones was placed on a "performance improvement plan." *Id.* Jones successfully completed the performance improvement plan. *Id.* Second, in the spring of 2017, Jones reported to the local human resources representative that he had observed a manager standing over a young female employee, pointing his finger at her, and yelling at her while the employee cried over the inappropriate treatment. *Id.* After reporting that he had observed disparate treatment of the female employee on the basis of her sex, Jones was kept out of functions that were part of his job. *Id.* at 3-4. For example, Jones was not allowed to participate in an audit with the fire safety vendor and was not allowed to attend a training session in Mississippi which he regularly attended. *Id.* at 3.

During the audit that Jones was not allowed to attend, the fire safety vendor found problems. *Id.* at 4. However, the problems would not have been listed if Jones was present to answer questions about the fire safety system for the safety vendor. *Id.* After the audit, Westlake Management placed Jones on a performance improvement plan identical to the plan he had completed in 2014. *Id.* Again, Jones completed the performance improvement plan. *Id.* Then, on August 15, 2017, Westlake Management terminated Jones. *Id.*

Jones claims that Westlake Management terminated him in retaliation for his complaints about the harassment or disparate treatment of an employee on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

## II. LEGAL STANDARD

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

## III. DISCUSSION

In its motion to dismiss, Westlake Management presents two arguments: (1) that Jones has not stated a claim because he did not engage in protected activity under Title VII or the KCRA; and

(2) Jones has not attempted to demonstrate a causal connection between the alleged protected activity and his termination. The Court will address each of these arguments individually.

### a. Protected Activity.

Plaintiff's claim is based on Title VII's "opposition clause." The Supreme Court has explained:

> The opposition clause makes it "unlawful . . . for an employer to discriminate against any . . . employe[e] . . . because he has opposed any practice made . . . unlawful . . . by this subchapter." § 2000e-3(a). The term "oppose," being left undefined by the statute, carries its ordinary meaning, *Perrin* v. *United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 62 L. Ed. 2d 199 (1979): "[t]o resist or antagonize . . .; to contend against; to confront; resist; withstand," Webster's New International Dictionary 1710 (2d ed. 1957). Although these actions entail varying expenditures of energy, "resist frequently implies more active striving than oppose." *Ibid.;* see also Random House Dictionary of the English Language 1359 (2d ed. 1987) (defining "oppose" as ["to be hostile or adverse to, as in opinion"]).

*Crawford v. Metro. Gov. of Nashville & Davidson County, TN*, 555 U.S. 271, 276, 129 S.Ct. 846, 172 L. Ed. 2d 650 (2009). "Retaliation claims under the KCRA are evaluated using the same standards as apply to federal Title VII claims." *Stanley v. Insights Training Group, LLC*, No. 3:09-CV-00231, 2013 WL 76123, *5, 2013 U.S. Dist. LEXIS 1428 (W.D. Ky. Jan. 4, 2013) (citing *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009)).

For conduct to be protected under the opposition clause, the plaintiff must have had at least a "reasonable and good faith belief that the opposed practices were unlawful." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). In other words, a plaintiff "opposing an apparently discriminatory practice does not bear the entire risk that it is in fact lawful; he or she must only have a good faith belief that the practice is unlawful." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1312-13 (6th Cir. 1989). Jones "is not held to know exactly what would

or would not constitute discrimination under the law." *Laughlin v. City of Cleveland*, 102 F. Supp. 3d 944, 951 (N.D. Ohio 2015) (citing *Trujillo v. Henniges Auto. Sealing Sys. N. Am. Inc.*, 495 F. App'x 651, 656 (6th Cir. 2012)).

In this case, Jones alleges that he reported the verbal abuse of a female employee because she was a member of a protected class and was terminated for making a complaint relating to mistreatment of an employee "on the basis of her sex." [DN 1 at 3-4]. Jones claims that he objected to practices he believed to be unlawful on two occasions. First, Jones alleges that he objected to inappropriate comments made by his supervisor. *Id.* at 3. Second, Jones alleges that he reported a manager verbally abusing a female employee, pointing his finger at her, and yelling at her while the employee cried over the inappropriate treatment she was receiving. *Id.* Considering all the facts in the complaint and drawing all reasonable inferences from the allegations in the complaint in favor of the Plaintiff, Jones has alleged a plausible theory of relief.

Westlake Management argues that it was unreasonable for Jones to believe that what he observed was unlawful. Westlake Management cites *Clark County School Dist. v. Breeden* as support for its argument. 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). In *Clark County School Dist.*, a school-district employee alleged that she was punished for opposing unlawful practices when she reported her supervisor for making a distasteful joke in her presence. *Id.* at 269-70. The *Clark County School Dist.* Court "found the comments alleged in the complaint to have occurred were so de minimis that no reasonable person would believe they would constitute sexual harassment, particularly in light of the fact that the complainant's job required her to review sexually oriented materials, and the complainant conceded that reviewing those materials did not bother or upset her." *Trujillo*, 2012 U.S. App. LEXIS 21763 at *12-13 (internal quotations omitted).

Westlake Management also cites numerous cases from the Sixth Circuit and elsewhere that present facts more severe than what Jones observed in order to argue that "a single, isolated incident of yelling, regardless of what was being said, does not constitute unlawful harassment under any circumstances." [DN 8 at 5]. But these cases are unpersuasive because they either occurred at the summary judgment stage—and therefore were determined under a different standard—or are not retaliation claims. *See id.* Ultimately, Westlake Management has not met its burden of proving that Jones has failed to state a claim upon which relief may be granted. The behavior that Jones observed could more reasonably be perceived to be unlawful than what the employee in *Clark County School Dist.* experienced. On the record before the Court, a reasonable person in Jones's position—especially one without legal training—could conclude that what he observed was unlawful.

### b. Causal Connection.

Westlake Management argues that Plaintiff has not demonstrated a causal connection between the alleged protected activity and his termination. However, the facts Jones alleges in his complaint along with the reasonable inferences that may be drawn from them are enough to survive Defendant's motion to dismiss. On two occasions Jones reported behavior that he believed to be unlawful to his local human resources and he alleges that each time the Defendant punished him for his opposition. Jones alleges that he was held to a different standard than other Safety Engineers in performing his duties. Finally, Jones claims that the different treatment he was receiving as punishment for his opposition to the allegedly unlawful practices was the cause of his terminations. This sequence of events states a plausible claim that Westlake Management terminated Jones because of his complaints about harassment of an employee because of her sex. Westlake

Management has not met its burden of proving that Jones has failed to state a plausible claim that his opposition to the allegedly unlawful behavior was the cause of Jones's termination.

IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [DN 5] is **DENIED.** A telephonic scheduling conference will be held on January 4, 2019 at 9:45 AM, central time. The Court will place the call.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

December 21, 2018

CC: Counsel of Record.